## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTOINNE LEWIS SMITH | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-13-2258 |
| | | |
| OFFICER WRIGHT | * | |
| WARDEN GREEN | | |
| Defendants. | * | |
| | ***** | |

## MEMORANDUM

### I. Background

On September 4, 2013, plaintiff Antoinne Lewis Smith filed a court-construed 42 U.S.C. § 1983 civil rights letter complaint for excessive force against Montgomery County Correctional Facility ("MCCF") Warden Green and Officer Wright, alleging that Wright "very physically" pulled him back from the food slot door. ECF No. 1. He claims that he wrote to the Warden, Deputy Warden, and Captain Payne about Wright and had not received a response. In his court-ordered supplements, Smith alleges that on or about June 9 or June 10, 2013, he was assaulted by Wright, when the officer "pulled [him] with very strong force." ECF Nos. 3, 5, 8, 15, & 20. Smith seeks compensatory damages.

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 24. Smith has filed multiple oppositions. ECF Nos. 26, 28, 29, & 38.[1] The motion may be determined on the pleadings and shall be treated as a motion to dismiss and granted without a hearing. *See* Loc. R. 105.6 (D. Md. 2014).

### II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to

---

[1]      Smith's motions to proceed (ECF Nos. 28, 29, & 38) have been construed as oppositions.

state a claim upon which relief can be granted. The purpose of the rule is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal,* 556 U.S. at 678–79. *See Velencia v. Drezhlo,* RDB-12-0237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663.

## III. Discussion

This court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris,* 550 U.S. 372, 378 (2007); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) and liberally construes Smith's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek,* 574 F.2d 1147, 1151 (4th Cir. 1978).

In his unverified complaint and supplemental complaints, Smith claims that Officer Wright "very physically" moved him away from the door slot. He appears to claim that this action caused him further difficulties with a previous back injury.

---

*See* Fed. R. Civ. P. 1.

In their dispositive motion, defendants argue that Smith's vague claims fail to state a claim against defendant Green because no clear allegations are raised involving the Warden's personal involvement and because Smith has failed to set out an excessive force claim against Officer Wright.

Smith counters that he filed an MCCF grievance form, which would have made the Warden aware of and responsible for Wright's actions. Rather than focus on what action was taken by Wright, however, he seeks release from the MCCF and references claims of the denial of medical care and excessive force allegations made against another officer in his other federal cases.[2]

Liberally construing the complaint, it appears that Smith included Warden Green as a defendant on the theory that he violated Smith's constitutional rights because he is responsible for the actions of his subordinates. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. *See Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* at 798 (quoting *Slakan*, 737 F.2d at 372–73).

To establish supervisory liability against a warden or others under § 1983, Smith must show:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional

---

[2]     In *Smith v. Montgomery County Correctional Facility, et al.*, Civil Action No. PWG-13-3177 (D. Md.), Smith alleged he was assaulted by MCCF Officer Watkins on October 20, 2013. In *Smith v. Watkins, et al.*, Civil Action No. PWG-13-3893 (D. Md.), Smith complained of a second assault on the part of Officer Watkins, occurring on December 9, 2013. In *Smith v. Heshmat, et al.*, Civil Action No. PWG-14-679 (D. Md.), Smith complained that he had not been provided adequate medical care at MCCF, the Baltimore County Detention Center and Shady Grove Adventist Hospital in Rockville, Maryland. Thus, Smith's claims regarding the denial of medical care and excessive force on the part of MCCF Officer Watkins are being addressed in his other cases.

injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw,* 13 F.3d at 799.

Smith has failed to set out a claim against Warden Green.    He alleges no personal involvement on the part of Green.  The alleged fact that Green received an administrative grievance form regarding the alleged incident, is insufficient to confer personal knowledge and liability on the part of the Warden.  Smith only alleges that Green became aware of the incident with Officer Wright after the fact; he does not contend that Green participated directly in the incident or, prior to the incident, "had actual or constructive knowledge that [Wright] was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff." *See id.* Thus, Green's after-the-fact review of a prisoner grievance falls far short of establishing § 1983 liability. *See Brooks v. Beard,* 167 Fed. Appx. 923, 925 (3d Cir.  2006).  The motion to dismiss filed by Warden Green shall be granted.

As to Smith's excessive force claim against defendant Wright, I find it appropriate to grant defendant Wright's motion to dismiss.

A convicted inmate's claim of use of excessive physical force is examined in the context of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Whitley v. Albers,* 475 U.S. 312, 319–21 (1986); *see also Wilkins v. Gaddy,* 559 U.S. 34, 130 S. Ct. 1175, 1176–78 (2010) (per curiam); *Hudson v. McMillan,* 503 U.S. 1, 7–9 (1992). Eighth Amendment analysis asks whether the prison officials "acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). In a claim for excessive application of force, a claimant must meet a heavy burden to satisfy the subjective component-that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm,"

4

rather than "in a good-faith effort to maintain or restore discipline." *Whitley*, 475 U.S. at 320–21 (internal quotation marks omitted). To satisfy the subjective component, a claimant must show that a prison official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

> Under an Eighth Amendment standard, whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7. A court must consider the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley*, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force, however. *Wilkins*, 130 S. Ct. at 1178. Rather, the extent of injury is one factor indicative of whether the force used was appropriate in a particular situation. But, if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had "the good fortune to escape" serious harm. *Wilkins*, 130 S. Ct. at 1179. As the Court said in *Wilkins*: "Injury and force ... are only imperfectly correlative, and it is the latter that ultimately counts." *Id.* at 1178.

*Haskins v. Hawk*, 2013 WL 1314194, 25 (D.Md.,2013)

*Boone v. Shearin*, No. DKC-13-1135, 2014 WL 1120237, at *9 (D. Md. Mar. 18, 2014).

Although given the opportunity to elucidate on his excessive force claim against Wright, Smith has failed to so do. Indeed, it was not until Smith filed a sixth supplemental complaint, after defendants' filing of a dispositive motion, that he specifically discussed what action was taken by Officer Wright. Smith claims that "while [he was] handcuffed from behind....Officer Wright pull[ed] [him] by the handcuff chains into the steel corner of the food slot that was open at the time...thereby injurying [sic] the Plaintiff." ECF No. 31. Smith does not allege either a "sufficiently culpable state of mind" or that the injury was "sufficiently serious." *Williams*, 77 F.3d at 761. This claim shall be dismissed without prejudice.

5

## IV. CONCLUSION

Defendants' motion to dismiss or, in the alternative, for summary judgment, shall be treated as a motion to dismiss and granted.   Smith's claim against Warden Green will be dismissed with prejudice, and Smith's claim against Officer Wright will be dismissed without prejudice.   Smith's motions to proceed, construed as oppositions, shall be denied.   A separate Order shall be entered reflecting the rulings entered in this decision.

Date: __08/5/14__          _____
                           Paul W. Grimm
                           United States District Judge

6